RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 10/31/02

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| **ANNIE BELL LEMAIRE** | * | **FILE 03-106** |
| **V.** | * | **JUDGE RICHARD T. HAIK** |
| **UNITED STATES OF AMERICA** | * | **MAGISTRATE HILL** |

********************************************************************

## RULING AND JUDGMENT

The above captioned matter was tried before this Court on October 17, 2005.

This case arises from an automobile accident which occurred on May 7, 2002. The plaintiff, Annie Bell Lemaire, was a guest passenger in a 1997 GEO Prism traveling north on North Lemaire Street in Kaplan, Louisiana. At the same time, a 1998 Dodge Dakota pick up truck operated by April Menard was traveling west on East Fifth Street approaching the intersection of East Fifth Street and North Lemaire. Ms. Menard failed to notice the stop sign which controlled her travel through the intersection of East Fifth Street and North Lemaire Street. As a result of Ms. Menard's failure to stop, the vehicles collided, and Ms. Lemaire suffered serious injuries.

The Plaintiff's contention is that a US Postal Truck was illegally parked and obstructed Ms. Menard's view of the stop sign and therefore was a cause-in-fact of the accident.

The Defendant's contention is that the US Postal Truck was parked legally, and that the location of the truck did not cause Ms. Menard's failure to notice the stop sign.

The Federal Tort Claims Act (FTCA) "provides for a limited waiver of

sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." 28 U.S.C. §§ 1346(b), 2671-2680, *United States v. Orleans*, 425 U.S. 807, 813, 96 S.Ct. 1971, 1975, 48 L.Ed. 2d 390 (1976). The FTCA applies only to the acts of federal employees. See, 28 U.S.C. §§ 1346(b), 2671.

When determining whether a plaintiff can recover from a defendant for negligence, Louisiana courts apply the Duty/Risk analysis. Under this analysis, as stated in *Arabie v. Chevron U.S.A., Inc.*, 688 Fed. Supp. 1111, 1115, (WD La. 1988), a plaintiff must prove by a preponderance of the evidence that:
1. The conduct of the particular defendant was a cause-in-fact of the plaintiff's injury;
2. A duty was imposed by law on the defendant to protect the plaintiff from that injury arising under the circumstances of the case;
3. The defendant violated the duty with respect to the plaintiff; and
4. Damages were sustained.

After a thorough review of the record and full consideration of all evidence presented, this Court finds that Ms. Lemaire is not entitled to recover against the United States. The plaintiff failed to prove by a preponderance of the evidence that the location of the postal truck was a cause-in-fact of the accident. In fact, it is more probable than not that the United States Postal Services truck was not a cause of the accident.

This case involves the placement of the postal truck, and whether it was parked in its usual spot next to a cement drain on Betty Thibaux's property, or if it was obscuring the stop sign. With respect to the postal truck, the testimony of the witnesses and experts for both parties differed as to where the postal truck was parked.

Timalia Melancon traveled through the intersection several times each week to pick up her children at their middle school. Ms. Melancon testified that she did not witness the accident, but returned to the scene to see if any of the students from the high school where she taught were involved. She recognized two of the students, and comforted April Menard, who was visibly upset. Ms. Melancon testified that she had reported her concern about the postal truck parking beside the road on two occasions. According to her testimony, she reported her concern to a police officer before the accident, and to the Post Office after the accident. As to the postal truck's position beside the road, Ms. Melancon

classified it as more of a distraction than an obstruction.

The two young ladies who were in the truck that collided with the plaintiff's also testified for the plaintiff. Ms. Menard, who was driving the truck, and her passenger Adrena Guidry, were leaving high school for the day on the date of the accident. Ms. Menard testified that she had never driven through the intersection before, and was probably engaged in conversation with Ms. Guidry. Ms. Menard did not recall seeing the postal truck or the stop sign before the accident. Ms. Menard stated that she was traveling about twenty-five miles per hour, which was the speed limit in that area, and does not think that she applied the brakes.

Ms. Guidry, the passenger, testified that she has never had a drivers license, and was looking down in her bookbag on the floor until right before the accident. Ms. Guidry had never been through that intersection before, and did not remember if Ms. Menard applied the brakes. After the accident, Ms. Guidry remembered seeing the postal truck parked beside Fifth Street.

The plaintiff Annie Bell Lemaire testified that she did not remember anything about the accident. She also testified about her pain and suffering due to her extensive injuries.

Richard Fox, the plaintiff's expert, took measurements at the intersection, and testified that the cement drain is positioned sixty-nine feet from the stop sign, and the stop sign is fourteen feet from the intersection. The total distance from the drain to the intersection is eighty-three feet. The dimensions of the postal truck are 6.6 feet wide, 14.6 feet long, and 7.4 feet high. He testified that the reaction time required to perceive the stop sign and begin to brake is between 1.2 to 2.5 seconds. Due to Ms. Menard's youth and quick reflexes, Mr. Fox imputed a reaction time to her of 1.2 seconds, and based his calculations on that figure. Mr. Fox performed a friction test of the asphalt on Fifth Street and determined that Ms. Menard was traveling between twenty-nine to thirty and a half miles per hour. Mr. Fox testified that it would take Ms. Menard's truck approximately thirty-five feet to stop at twenty-five miles per hour.

A witness for the defense, Betty Thibeaux, has lived in the house at the corner of Lemaire and Fifth Street for six years. Ms. Thibeaux testified that the postal truck parks in her yard six times a week . According to her testimony, the postal truck has always parked in the same spot in her yard, next to the cement drain. Ms. Thibeaux testified that she is sure the postal truck was parked in the

usual position on the date of the accident at the end of her driveway. The Court finds the testimony of Ms. Thibeaux to be most credible.

Kent Mire, the Postal Truck Driver who has had the same route for over fifteen years, testified that the postal truck was parked in its usual position on the date of the accident. When he inherited the route, he was shown where to park the postal truck, and chooses to park next to the cement drain, so he can step down from the truck onto the "cement step". According to his testimony, he parked the postal truck in Ms. Thibaux's yard on the date of the accident and did a "park and loop", which means that he parks the truck, and walks to deliver the mail instead of driving the truck and stopping it at each mailbox. Each "park and loop" takes approximately thirty to forty-five minutes and covers an area of a few blocks. Mr. Mire returned to his truck after the first "park and loop" that day to see the aftermath of the accident. He retrieved the second batch of mail and delivered it to the opposite side of the street and returned forty-five minutes later. At that time, there were police present who viewed the postal truck parked in the original spot. Mr. Mire however, was not given a ticket for obstructing the stop sign. Mr. Mire testified that it is in his best interest to obey all traffic laws or else he may be subject to receiving a letter of warning in his personnel file. Based on the testimony of the most credible witnesses, the Court finds the postal truck was parked in its normal position on this day.

Defense Expert Stephen Killingsworth testified that Ms. Menard could have seen the stop sign, based on a line-of-sight analysis. According to Mr. Killingsworth's analysis, if the postal truck were parked in its ususal spot, the stop sign would have been visible for at least 195 feet. Mr. Killingsworth determined that whether Ms. Menard was traveling fifteen, twenty, twenty five or thirty miles per hour, she had more than enough distance between the point at which the stop sign became visible and the point of impact to stop her truck. If Ms. Menard had been traveling twenty-five miles per hour, then it would have taken 64.15 feet for her to stop the truck. Also, she had an additional fourteen feet between the stop sign and the intersection.

Based upon the testimony of Ms. Thibeaux, Mr. Mire, and Defense Expert Mr. Killingsworth as to the location of the truck, the Court concludes that the stop sign was not obscured by the postal truck. Therefore, the Court finds that Ms. Menard's failure to brake at the stop sign was not due to the location of the US postal truck but her own inattentiveness on the date of the accident. The position of the US postal truck was not a cause-in-fact of the accident. This accident was

caused solely by the negligence of April Menard.

THEREFORE, Judgment is hereby rendered in favor of the United States of America and against the plaintiff Annie Bell Lemaire, with each party to bear its own costs.

THUS DONE AND SIGNED in Lafayette, Louisiana, on the 31st day of October, 2005.

CHIEF JUDGE RICHARD T. HAIK, SR.
U. S. DISTRICT COURT JUDGE
WESTERN DISTRICT OF LOUISIANA